■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HABIB RIAD HAWA, Appellant.— The only matter of concern is the trial court's refusal, after inspection, to permit defense counsel access to People's Exhibit 5 for identification, a witness' statement in narrative form made in preparation for trial by an Assistant District Attorney in his own hand. The trial court, of course, acted properly in the light of the rule of *People* v. *Walsh* (262 N. Y. 140) which at the time of trial was still the governing rule. However, thereafter the Court of Appeals decided *People* v. *Rosario* (9 N Y 2d 286) which in this respect overruled the *Walsh* case. It is also clear that the new rule is to be applied retroactively (*People* v. *Hernandez*, 10 N Y 2d 774, 776). Concluding that People's Exhibit 5 for identification was, in effect, a record of a prior statement by a witness within the compass of the rule in *People* v. *Rosario* (*supra*) and therefore not exempt from disclosure as a "work product" datum of the prosecutor, this court directed the District Attorney to make the paper available to appellate counsel. The court, also on its own motion, allowed appellate counsel sufficient time to communicate with trial counsel and thereafter advise the court of any view he or trial counsel might have whether the withholding of the exhibit was prejudicial to defendant. The court has now been advised by counsel that trial counsel have written that: "Neither of us are able, at the present time, to state in what specific way the defendant was prejudiced. The trial took place more than two (2) years ago. We can say, however, that at the time of the trial we did feel that the defendant was prejudiced by every refusal of the Court to turn over whatever prior statements there were of any witness much less the witness Brand. We felt then, as we do now, that any shred of evidence or any helpful nuance that might be revealed by such a statement should not be denied defense counsel, especially in a capital case. These shreds and nuances are very often more significant at the trial than the record later reveals." The court, examining the narrative statement of the witness Brand, the only one involved, finds that the withholding was not prejudicial to defendant, and that in the light of the overwhelming evidence of guilt, its production upon the trial would have been of no avail. Concur — Breitel, J. P., Rabin, McNally, Stevens and Steuer, JJ.