Jones, J.
On this appeal, we agree with defendant that under principles of double jeopardy as enunciated by the United States Supreme Court the People were barred from appealing to the Appellate Division from the trial order dismissing certain counts of defendant’s indictment. We reject, however, defendant’s contentions that because his challenge to the jury panel was denied and because he was denied disclosure of prosecution notes of pretrial witness interrogations, reversible error was committed with respect to those counts on which he was found guilty.
During the years 1968 to 1971, appellant, an attorney, approached numerous individuals in his community with proposals that they invest in various schemes yeilding quick, high interest returns. Many of these people, who had known appellant as an attorney, friend, customer, neighbor or employee, gave him money; no significant portion of any of the "invested” funds was ever returned. In consequence appellant was indicted on 57 counts, 44 for grand larceny in the second degree and 13 for grand larceny in the third degree. At trial in Nassau County Court one count was severed; 50 counts were dismissed at the conclusion of the People’s case, nine with the consent of the prosecutor; and appellant was convicted on the remaining six counts. Cross appeals were taken to the Appellate Division. On appellant’s appeal the six convictions were affirmed. On the People’s appeal the Appellate Division reinstated 39 of the 41 counts which had been dismissed over the People’s objection, and the dismissal of the other two counts was affirmed.
We first deal with the appeal taken to the Appellate Division by the People from the trial order of dismissal. Under our decision in People v Brown (40 NY2d 381) such appeal was barred under the Supreme Court’s formulation qf the right *452 not to be placed twice in jeopardy. Accordingly, the order of the Appellate Division must be modified, and the case remitted to that court for dismissal of the appeal taken by the People to that court.
As to the six counts on which the jury returned a verdict of guilty, appellant advances several contentions that errors committed during his trial require reversal of his convictions thereon. We conclude that none of such contentions is of sufficient substance to warrant reversal; some, however, merit brief attention.
It is first contended that the prosecutor’s failure to turn over certain "worksheets” compiled in preparation for trial and the trial court’s acquiescence in such refusal constituted reversible error. These worksheets were in the form of unsigned questionnaires containing printed questions (e.g., "When did you first meet Mr. Consolazio?” "Who introduced you to him?” and "How did it come about that you invested with him?”) and handwritten notes made by the interviewing officer that capsulized the witnesses’ answers thereto. During trial defense counsel requested that the prosecution turn over (a) all exculpatory material as required under Brady v Maryland (373 US 83) and People v Simmons (36 NY2d 126), and (b) all prior statements made by prosecution witnesses as required under People v Rosario (9 NY2d 286, mot for rearg den 9 NY2d 908, cert den 368 US 866, mot for rearg den 14 NY2d 876, mot for rearg den 15 NY2d 765). While the prosecutor turned over all Grand Jury testimony of each of the various witnesses, existence of the worksheets was not at that time revealed. When it came out later in the trial that such question-answer sheets did exist, defense counsel demanded their disclosure under both a Brady and a Rosario rationale. The trial court found that the worksheets did not fall within Rosario in that they constituted a person’s "conception” of what a prospective witness told him rather than the "statements” of such witness. As to the Brady branch of the defense motion, the court refused to examine all the worksheets as requested by defense counsel but rather accepted the prosecutor’s representation that nothing contained in the questionnaires constituted exculpatory material.
At the Appellate Division that court itself examined the worksheets and concluded that "even assuming that they should have been made available to [the defense], no prejudice *453 resulted from the failure to so make them available”. We concur in result.
With respect to the Brady aspect of appellant’s argument, we agree that it was error for that court not itself to have examined the worksheets to determine whether, as claimed by the defense, such worksheets contained exculpatory material. While a prosecutor must of necessity "have some discretion in determining which evidence must be turned over to the defense” (People v Fein, 18 NY2d 162, 171-172; emphasis in original), where, as here, there was some basis for argument that material in the possession of the prosecutor might be exculpatory, deference to the prosecutor’s discretion must give way, and the duty to determine the merits of the request for disclosure then devolves on the trial court. We have, however, examined the worksheets, as did the Appellate Division, and we agree with that court that nothing contained therein constituted exculpatory material. Thus, while we agree that the trial court erroneously relied on the representations of the prosecutor as to the nonexistence of exculpatory material, we conclude that such error was harmless. In so concluding, we find it to be of critical significance that the error related to the procedure by which it was determined that the worksheets contained no exculpatory material, not to the determination itself.
With respect to the Rosario branch of defendant’s argument, we hold that the trial court erroneously concluded that the worksheets did not constitute "prior statements” of prosecution witnesses within the contemplation of the rule of that case. The character of a statement is not to be determined by the manner in which it is recorded, nor is it changed by the presence or absence of a signature. Thus it has been held that a witness’ statement in narrative form made in preparation for trial by an Assistant District Attorney in his own hand is "a record of a prior statement by a witness within the compass of the rule in People v. Rosario * * * and therefore not exempt from disclosure as a 'work product’ datum of the prosecutor”. (People v Hawa, 15 AD2d 740, affd 13 NY2d 718; and see People v Horton, 19 AD2d 80, 25 AD2d 720, affd 18 NY2d 355; cf. People v Butler, 33 AD2d 675, affd 28 NY2d 499.) Accordingly, we conclude that the prosecutor’s worksheets, containing as they do abbreviated notes capsulizing witnesses’ responses to questions relating directly to material issues raised on defendant’s trial, fall within the reach of our *454 holding in Rosario. Indeed this was obliquely recognized by the District Attorney, who with commendable candor informed the trial court that the signatures of the witnesses were not affixed to the questionnaire forms when completed in the hope that Rosario disclosure could thereby be obviated.
Turning then to whether the withholding of such worksheets must here result in the setting aside of defendant’s conviction, we conclude not in the circumstances of this case. We hold, of course, that a failure to turn over Rosario material may not be excused on the ground that such material would have been of limited or of no use to the defense, or that a witness’ prior statements were totally consistent with his testimony at trial. (People v Malinsky, 15 NY2d 86, 90-91; People v Paige, 48 AD2d 6; cf. People v Zabrocky, 26 NY2d 530, 536-537; People v West, 29 NY2d 728; People v Peacock, 31 NY2d 907; People v Sanders, 31 NY2d 463.) We thus reject arguments that consideration of the significance of the content or substance of a witness’ prior statements can result in a finding of harmless error.*
The present case, however, presents a significantly different issue. Our examination of the Grand Jury testimony of the various prosecution witnesses (which testimony was turned over by the prosecutor to the defense) reveals that the witnesses’ statements contained in the worksheets were the same as the statements made by such witnesses before the Grand Jury. The worksheets in this instance were nothing more than duplicative equivalents of statements previously turned over to the defense—the only difference being as to the particular form in which such statements were recorded. In this circumstance it was not error to fail to turn over worksheets which would have been cumulative only. (Compare People v Kass, 25 NY2d 123, 127.)
In reaching the conclusion that we do in this case we make a supplemental observation. When Rosario material is requested by a defendant, in the ordinary situation it should be of negligible practical significance whether on comparative *455 examination such material would or would not prove to be equivalent duplication of material already in the defendant’s possession. On the one hand, if inspection were to lead to the conclusion that the material sought was a counterpart of other material already possessed by the defendant, the prosecutor would have infrequent occasion to object to its disclosure. On the other hand, if examination were to disclose that it was not a duplicative equivalent, then, of course, the defendant would be entitled to full disclosure. Reflection thus suggests that once it is determined that the writings sought by the defendant come within the Rosario rule, the better practice would be to direct a turnover forthwith. No sufficiently useful purpose would appear to be served by engaging in a collateral analysis as to whether the defendant would or would not be technically entitled to disclosure.
We do not reach appellant’s challenge to the jury panel. It is explicitly provided in CPL 270.10 (subd 2) that such a challenge must be made "in writing” and "before the selection of the jury commences, and, if it is not, such challenge is deemed to be waived”. In this instance while a motion to challenge the jury panel was made orally before jury selection began (and then rejected) the written notice was not given until after selection of the jury had been completed although before any witness had been sworn. In this circumstance, irrespective of the willingness of the trial court to consider the motion on the merits, the error if any in the denial of the motion was not preserved for our review. We accord no substance to appellant’s further contention that his challenge was predicated on constitutional grounds and that the strictures of CPL 270.10 (subd 1) apply only to challenges based on "departure from the requirements of the judiciary law”. We read CPL 270.10 (subd 2) as intended by the Legislature to govern all challenges to the panel, whatever may be the particular ground advanced.
As to appellant’s other contentions, it suffices to note that in our opinion the refusal of the trial court to charge explicitly with reference to "reliance” as an essential element of larceny by false promise was not error in view of the verbatim, quotation of the applicable sections of the Penal Law in full. Similarly, in consequence of the failure of defense counsel to register a protest, any error with respect to the right of the jury to consider evidence presented to support the dismissed counts was not preserved for our review.
*456 Accordingly, the order of the Appellate Division should be modified by reversing so much of the order as reinstated 39 of the counts dismissed by the trial court and the case remitted to the Appellate Division with directions that the appeal by the People with respect thereto be dismissed, and, as so modified, the order should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur.
Order modified and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.

 To be distinguished are those appeals from pre-Rosario convictions as to which this court applied a harmless error analysis where violations of the Rosario rule were found. (See, e.g., People v Rosario, 9 NY2d 286, 291, supra; People v Hernandez, 10 NY2d 774; People v Turner, 10 NY2d 839; People v Fasano, 11 NY2d 436; People v Hurst, 10 NY2d 939; People v Pereira, 11 NY2d 784; People v Hawa, 13 NY2d 718, supra; People v Horton, 18 NY2d 355, supra; for a statement to this effect see People ex rel. Cadogan v McMann, 24 NY2d 233, 237.)