■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN FLORES, Appellant.—Judgment, Supreme Court, Bronx County, rendered on November 26, 1975, convicting defendant, after trial, of possession of a weapon as a misdemeanor, unanimously reversed, on the law and on the facts, and new trial directed. At the close of the sole prosecution witness' testimony defense counsel requested "any notes the District Attorney may have made of statements of this police officer to them at the Criminal Court stage or the Grand Jury stage or pre-trial". The Assistant District Attorney informed the court that no stenographically recorded statements existed and that he possessed only personal notes. The court viewed the notes *in camera* following which it concluded that they contained nothing inconsistent with the statements made by the witness on direct examination. It refused to turn the notes over to defense counsel. The People concede that certain statements which were not turned over prior to cross-examination should have been turned over, but contend that this constituted harmless error. We cannot agree. The proof of guilt in this case was not overwhelming and the

material sought by counsel clearly comes within the rule of *People v Rosario* (9 NY2d 286). Defense counsel was entitled thereto irrespective of whether or not the statements were consistent with the prosecution witness' direct testimony. *(People v Consolazio,* 40 NY2d 446.) In the last-cited case the court held (p 454): "We hold, of course, that a failure to turn over *Rosario* material may not be excused on the ground that * * * a witness' prior statements were totally consistent with his testimony at the trial [citing cases]. We thus reject arguments that consideration of the significance of the content or substance of a witness' prior statements can result in a finding of harmless error." The error committed was prejudicial to the defense and requires a new trial. Concur—Birns, J. P., Silverman, Capozzoli and Markewich, JJ.