■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MEYERS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 21, 1977, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. It was error to allow two of the three identification witnesses for the People to testify without being able to make an in-court identification of defendant or to adequately state their present recollections of a past identification (see CPL 60.25; *People v Brown,* 60 AD2d 890). We cannot say on the basis of this record that there is no reasonable possibility that the errors might have contributed to defendant's conviction (see *People v Von Werne,* 41 NY2d 584, 588; *People v Crimmins,* 36 NY2d 230, 237). Furthermore, it was an abuse of discretion for the court not to grant the short adjournment requested to enable the defendant to procure the attendance of the subpoenaed witness who had been in court during part of the trial, but did not appear on the day she was called to testify. Although the application for a material witness order did not procedurally comply with

the requirements of the statute (CPL 620.30), the court, in the interest of justice, nevertheless should have granted the application. Hopkins, J. P., Suozzi, Rabin and Shapiro, JJ., concur.