OPINION OF THE COURT
Duncan S. McNab, J.
The defendants herein stand charged with having acted in concert to commit a quadruple homicide in the Town of Bedford Hills, New York, on the night of May 9 and 10, 1979. Following the close of testimony on the People’s direct case, the People, under CPL 240.45 (subd 2) which became effective January 1, 1980, called upon the defendants to make available any written or recorded statements of any prospective defense witnesses, other than from the defendants themselves, if counsel were in possession of any such statements. Mr. Radley *137 Herold, counsel for defendant Allen objected, particularly with respect to the prospective witness, Rose Allen, defendant’s wife, on grounds: (1) that he had written notes of the substance of an oral conversation had with Mrs. Allen, neither signed by her nor read over by her, which, he contended, fell outside the scope of the language of "written or recorded” statements contained in CPL 240.45 (subd 2); and (2) that in view of the fact that his conversation with Mrs. Allen had taken place in jail, in the course of a three-way conversation between himself, Mrs. Allen, and the defendant, that any turnover of his notes would be in violation of the husband-wife privilege, or alternatively, in violation of the attorney-client privilege, which counsel urges, became "meshed” with the husband-wife privilege by virtue of this three-way conversation.
It seems clear to this court that to whatever extent counsel reduced Mrs. Allen’s answers to writing and made written notes, he is now actually in possession of "written or recorded” material within the meaning of this section. Additionally, the law is clear that communications between husband and wife made in the known presence of a third person are not confidential and, hence, are not privileged. (See Richardson, Evidence [10th ed], § 450; People v Dudley,, 24 NY2d 410; People v Ressler, 17 NY2d 174.) The attorney-client privilege is similarly waived.
However, a more far-reaching question of interpretation of this new provision, perhaps of first impression, seems to be presented by a portion of the Practice Commentary to CPL 240.45 (McKinney’s Cons Laws of NY, Book 11A, Supplementary Pamphlet 1972-1979, pp 294-295), wherein Mr. Joseph Bellacosa states: "The reciprocal aspect of this section simply burdens the defense with a disclosure responsibility for written or recorded statements of witnesses the defense will call. Depending on the circumstances, this type of written or recorded statement may very well disappear, not necessarily unethically or contumaciously but rather as a matter of routine and practice with defense counsel who will more likely rely on personal, counsel notes which are not discoverable. Why would they create a potential trap for their own witness and hurt their own cases if they don’t have to honestly and ethically do so?”
Hence, the real issue before the court, as this court sees it, is whether the notes taken of Mrs. Allen’s conversation by Mr. *138 Herold constitute nondiscoverable "counsel’s notes”, as Mr. Bellacosa uses the term, or whether Mr. Herold’s notes in effect constitute a "written or recorded” statement of the prospective witness which must be turned over. The court feels, that on the facts here, Mr. Herold must turn over such notes as he has.
First of all, as Mr. Bellacosa notes at the beginning of his Practice Commentary, CPL 240.45 was drafted to codify the holdings of People v Rosario (9 NY2d 286) and People v Damon (24 NY2d 256), the seminal New York cases concerning prior statement turnovers. Given that legislative intent, it is apparent that the more recent cases have taken a rather expansive view as to just what constitutes Rosario material. For example, in considering the Rosario branch of defendant’s argument, the Court of Appeals in People v Consolazio (40 NY2d 446, 452) held, that certain "worksheets”, compiled in preparation for trial, which consisted of "unsigned questionnaires containing printed questions * * * and handwritten notes made by the interviewing officer that capsulized the witnesses’ answers thereto” (emphasis added) did in fact constitute "prior statements” of the prosecution witnesses. The court in Consolazio (supra, p 453) went on to say that "[t]he character of a statement is not to be determined by the manner in which it is recorded, nor is it changed by the presence or absence of a signature.” Moreover, they noted (supra, p 454) the "commendable candor” of the District Attorney, who had informed the trial court there that the signatures of the witnesses had not been affixed to the questionnaire forms in the hope of obviating Rosario disclosure.
One of the cases cited by the Consolazio court, People v Horton (19 AD2d 80, affd 18 NY2d 355), serves to highlight the distinction drawn between disclosable prior statements and nondisclosable attorney’s "work product.” (And see People v Hawa, 15 AD2d 740.) In People v Horton (supra, p 83) the First Department, in ordering certain documents turned over to defense counsel, commented that "[wjhile these documents are not narrative statements, nor in question and answer form, they appear to be notes of the answers given by the witness to certain questions, and purport to quote his exact words. Such papers are the equivalent of statements and the same rules would apply to them”.
Here too counsel has in his possession notes which have reduced to writing the substance of the answers of his prospec *139 tive witness. It is the opinion of this court that, consonant with the holdings in People v Consolazio (supra) and the other cases cited above, that counsel’s notes here sufficiently "capsulize”, or mirror, the witness’ responses to qualify as disclosable Rosario material. This is not to say that situations may not arise in future cases where counsel has either prepared an outline of his anticipated strategy at trial, or has written down his conception of certain witnesses, more or less in the nature of editorial commentary to which a valid claim of nondisclosable "counsel’s notes”, a la work product, might attach (and where an in camera inspection by the court of such purported work product might be appropriate), but such is not the case here. Consistent with the purpose and spirit of CPL 240.45 to codify timely reciprocal Rosario turnover, this court would be hardpressed to construe the commentary regarding "counsel’s notes” in such a way as to subvert that overriding interest.
Thus, defendant Allen’s application is hereby denied on all grounds, and his counsel is directed to turn over, forthwith, in addition to any other written or recorded statements of prospective witnesses, other than the defendant, his notes containing such statements of Mrs. Rose Allen as were reduced to writing, excising any and all references to any conversation had with, or statements made by, the defendant himself.