■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYANT DAVIS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Hentel, J.), rendered December 17, 1979, convicting him of robbery in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. During the course of the trial, defense counsel requested that he receive all *Rosario* material prior to cross-examination of prosecution witnesses (see *People v Rosario,* 9 NY2d 286). The Assistant District Attorney provided the Grand Jury minutes, but refused to produce the Grand Jury synopsis sheet prepared by someone in his office with respect to the testimony of a certain witness. The Trial Judge reviewed the synopsis sheet and conducted a *voir dire* of its author. The court determined that the synopsis sheet was unavailable as *Rosario* material since it was a product of the author's impressions, written in his own words several days after the witness' testimony. The synopsis sheet was not an abbreviated summary of an interview with that witness. We agree that the synopsis sheet did not constitute *Rosario* material and further note that if it did, the error was harmless. The synopsis sheet was cumulative and repetitive of the material already in defendant's possession (see *People v Consolazio,* 40 NY2d 446; *People v Rosario,* 9 NY2d 286, *supra*). Defendant

further argues that the trial court erred by denying his motion for a mistrial after a prosecution witness testified that the complainant identified defendant as one of his assailants. This testimony was inadmissible because the complainant was unable to recall his identification on the night of the crime. Defense counsel failed initially to either move to strike or specify his objection. Subsequently, upon counsel's motion for a mistrial, the court had the testimony stricken from the record and gave curative instructions. This, coupled with the remaining evidence supporting the jury's guilty verdict, leads this court to the conclusion that the error was harmless (see CPL 60.25; *People v Meyers,* 66 AD2d 860). Titone, J. P., Gibbons, Weinstein and Rubin, JJ., concur.