## (November 18, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARISSE PHILLIPS, Appellant. — Appeal from a judgment of the County Court of Rensselaer County (Dwyer, J.), entered June 22, 1982, upon a verdict convicting defendant of the crimes of consensual sodomy and endangering the welfare of a child. In view of *People v Onofre* (51 NY2d 476), which declared New York's consensual sodomy statute (Penal Law, § 130.38) unconstitutional, the People concede that defendant's conviction of that crime must be reversed. With regard to her conviction of the crime of endangering the welfare of a child, defendant contends that the trial court's charge contained two errors which require reversal. We disagree. The first alleged error occurred in the court's charge concerning defendant's culpability for the acts of her codefendant. Specifically, after accurately reading to the jury section 20.00 of the Penal Law, the court charged that "a person is criminally liable for an offense not only when he directly commits it, but when he is present at *or* aids in its commission" (emphasis added). In view of defendant's failure to object, we see no reason for exercising our discretion to reverse the conviction in the interests of justice (CPL 470.15, subd 6, par [a]) on the basis of the trial court's inadvertent use of the disjunctive, rather than the conjunctive, particularly since the charge, when read as a whole, fairly and adequately described the People's burden in proving defendant's culpability for the acts of her codefendant (see *People v Horton,* 19 AD2d 80, affd 18 NY2d 355, cert den 387 US 934; cf. *People v Woods,* 41 NY2d 279, 283; *People v Smith,* 87 AD2d 640). The second alleged error in the charge involves the court's submission to the jury as a question of fact the issue of whether the testimony of one of the People's

witnesses should be treated as unsworn. This was done, however, at the specific request of defendant's counsel, and since the record establishes that the witness was competent to testify (see CPL 60.20), defendant was not prejudiced by the court's submission of this issue to the jury. Judgment modified, on the law, by reversing so much thereof as convicted defendant of the crime of consensual sodomy, and, as so modified, affirmed. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.