■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY McFARLANE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered January 6, 1987, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

On May 6, 1978, an assailant entered the victim's apartment and, as she lay in bed, threw a liquid chemical at her, exclaiming as he did that "if I can't have you nobody will". The victim screamed as the liquid, later determined to be lye, began to burn her skin. She told relatives who came to her assistance that the defendant—with whom she worked and had a romantic relationship—came into her apartment and "threw stuff on her". The defendant, who was present when the victim's relatives arrived, claimed that an unknown assailant had attacked the victim. After offering to drive the victim

to the hospital, he fled and was eventually apprehended in Missouri some eight years later. The victim was hospitalized, but died 12 days after the attack of the third degree burns caused by the lye.

At trial, it was established that various witnesses had given sworn statements to the police in May 1978. The prosecutor represented that he could not locate the statements although he did turn over scratch sheets of the statements and made the sworn statement of witness Samuel Jordan available, albeit after the close of testimony. The prosecutor conceded that the transcription of Jordan's statement had been ordered some 10 months earlier but offered as an excuse that the reporter had been sick and the statement had not been transcribed. Over the defense counsel's objection, the court nevertheless permitted Jordan to testify after noting that defense counsel had been provided with the scratch sheets and Jordon's 1986 Grand Jury testimony. On appeal, the defendant argues, and the People concede, that the prosecutor's failure to provide the 1978 statements represents a violation of the *Rosario* rule necessitating reversal of the judgment of conviction and a new trial.

Pursuant to *People v Rosario* (9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866; *see,* CPL 240.45 [1]), the People are obligated to turn over to defense counsel all prior statements made by prosecution witnesses *(see, People v Martinez,* 71 NY2d 937, 938; *People v Jones,* 70 NY2d 547; *People v Ranghelle,* 69 NY2d 56). As the People concede, the prosecution's failure to turn over the statement of witness Samuel Jordan until after the close of evidence constitutes per se error requiring reversal of the defendant's judgment of conviction *(see, People v Novoa,* 70 NY2d 490, 498-499; *People v Jones, supra).* Further, it is conceded by the People that the three-paragraph scratch sheet which was given to defense counsel is not the duplicative equivalent of Jordan's nine-page sworn statement *(see, People v Consolazio,* 40 NY2d 446, *cert denied* 433 US 914).

With respect to statements taken immediately following the crime in May 1978 of two other witnesses—neither of which was provided to defense counsel at trial—the People now advise that they have been located and will be provided to the defendant at his new trial.

The defendant's remaining contention of error has been considered and found to be without merit. Mollen, P. J., Brown, Rubin and Kooper, JJ., concur.