■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS ADGER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garry, J.), rendered March 30, 1987, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon review of the Grand Jury synopsis sheet and Early Case Assessment Bureau data sheet we find that the trial court did not err in denying the defendant's request that the People turn these documents over to him. Neither contained an abbreviated summary of an interview with any of the People's witnesses and, as such, did not constitute discoverable *Rosario* material *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866; *People v Williams,* 128 AD2d 912, *lv denied* 69 NY2d 1011; *People v Davis,* 87 AD2d 597).

In addition, we find that the trial court's denial of the defendant's application to unseal a criminal record purportedly belonging to the complainant was not an improvident exercise of discretion since the trial court was not convinced that the person depicted in the arrest photograph accompanying the record was the complainant *(see, Matter of District Attorney of Suffolk County,* 58 NY2d 436, 444; *Matter of Hynes v Karassik,* 47 NY2d 659, 664, *rearg denied* 48 NY2d 656). In any event, the defendant's right to confrontation was not compromised by this ruling since the trial court permitted defense counsel to ask the complainant about the underlying facts contained in the record in order to impeach his credibility *(see, People v Sorge,* 301 NY 198, 200; Richardson, Evidence § 498 [Prince 10th ed]). Thompson, J. P., Lawrence, Rubin and Eiber, JJ., concur.