Titone, J.
(concurring). While I agree with the result reached by the majority, I am compelled to write separately because, unlike the majority, I conclude that the trial courts need further guidance as to the scope and nature of the inquiry outlined in People v Poole (48 NY2d 144, 149; see, People v Rosario, 9 NY2d 286, rearg denied 9 NY2d 908, cert denied 368 US 866 [codified in CPL 240.45 (1) (a)]). Although the majority asserts that there is "no need to repeat the reasons and nature of the examination” (majority mem, at 726), the superficial trial court review and inadequacy of the record in these cases are alone sufficient to make the need for additional guidance apparent. Since furnishing such instruction is an important part of our obligation as this State’s highest court, I cannot subscribe to the narrow case-specific approach that the majority has adopted in this case. The *727 following represents my own, somewhat broader approach to the problem presented by these cases. It is my hope that both practitioners and trial courts will find some of these thoughts helpful.
I.
The facts critical to these appeals are not in dispute. In People v Adger, defendant was charged with robbery in the first and second degrees (Penal Law § 160.15 [4]; § 160.10 [1]) and grand larceny in the third degree (Penal Law former § 155.30 [5] [now § 155.35]). At the beginning of the trial, the prosecutor turned over to defendant, as Rosário material, the arresting officer’s memo book, the complaint report, the District Attorney’s data analysis form, the Grand Jury minutes of the complainant’s and the arresting officer’s testimony, and some notes taken by an Assistant District Attorney. When defense counsel made the court aware that he had also requested the Grand Jury synopsis sheet (synopsis sheet) and the Early Case Assessment Bureau data sheet (ECAB sheet), the prosecutor noted his opposition to the request stating simply that the synopsis sheet was the District Attorney’s work product and that the ECAB sheet was also work product because it "basically, evaluates the witnesses in the case.” The following exchange then occurred:
"court [to defense counsel]: Do you want to be heard?
"defense counsel: Judge, I believe—
"court: Denied. You are not entitled to it. Let’s go.”
At trial, the complaining witness testified that defendant and two other men robbed him, at gunpoint, of his billfold and gold chain. The jury convicted defendant only on the larceny count, and he was sentenced to the minimum term permissible.
The Appellate Division affirmed, concluding that the trial court did not err in denying the defendant’s request for the documents since "[n]either contained an abbreviated summary of an interview with any of the People’s witnesses and, as such, did not constitute discoverable Rosario material” (144 AD2d 475).
In People v Austin, defendant was charged with three counts of robbery in the first degree (Penal Law § 160.15 [2], [3], [4]). Prior to trial, the prosecutor turned over various documents including the arrest report, the police complaint report and the police arrest investigations report. When de *728 fense counsel requested disclosure of the Grand Jury synopsis sheet, and the data analysis form (a document similar to the ECAB sheet in Adger), the prosecutor opposed both requests. As to the synopsis sheet, the prosecutor claimed that it was "work product” and not the result of witnesses’ statements reduced to writing. Concerning the data analysis form, the prosecutor maintained that the document was not discoverable since, to the best of her knowledge, the witnesses were not present at the Early Case Assessment Bureau, where the form was presumably filled out, and the data analysis form was therefore a product of interviews with the arresting officer and not the witnesses. When defense counsel noted that the police officer was going to be a witness at trial, the prosecutor responded that the document was "hearsay.” After a brief visual examination of both documents, the trial court denied defendant’s request for production concluding "[tjhere is absolutely nothing here which would be at all relevant to any of the constitutional requirements.” The jury convicted defendant of first degree robbery and the court sentenced him as a persistent violent offender. On defendant’s appeal, the Appellate Division concluded that the trial court had not erred in denying defendant’s request since the disputed documents did not contain Rosario material and were, in any event, duplicative of other material previously disclosed to the defendant.
II.
Since this court’s decision in People v Rosario (supra), we have repeatedly stated that "a right sense of justice entitles the defense to examine a witness’ prior statement, whether or not it varies from his testimony on the stand. As long as the statement relates to the subject matter of the witness’ testimony and contains nothing that must be kept confidential, defense counsel should be allowed to determine for themselves the use to be made of it on cross-examination.” (People v Rosario, supra, at 289; see, People v Jones, 70 NY2d 547, 550; People v Novoa, 70 NY2d 490, 498; People v Ranghelle, 69 NY2d 56, 62; People v Perez, 65 NY2d 154, 158.) Recently, in People v Jones (supra), we stated that the rule is simple and unequivocal: "[I]f the People are in possession of a statement of their own prospective witness relating to the subject matter of that witness’ testimony, defense counsel must, in fairness, be given a copy because ordinarily counsel would have no knowledge of it and no other means of obtaining it.” (Id., at 550.) Of course, a defendant is not entitled to open discovery *729 of the People’s files. When a dispute arises concerning the discoverability of a document pursuant to the Rosario rules, "the responsibility to determine whether or not any relevant statements of the witness exist” should be placed upon the trial court which "ought to inspect, in camera, the questioned document, or indeed the entire file if need be, to resolve any dispute on this issue.” (People v Poole, supra, at 149.)
While no particular formalities are required, the trial courts’ inquiry must be thorough enough both to make a reasoned and informed determination and to ensure a fair record for appellate review. Accordingly, a trial court should independently examine the document, and permit counsel to articulate their positions on the record. In the rare cases where a question exists about an apparently significant item, the court may need to voir dire the document’s author or someone familiar with it to settle any unanswered questions (see, e.g., People v Liles, 145 AD2d 509, 510; People v Davis, 87 AD2d 597). However, there is no requirement that the court observe the formal procedures that normally attend hearings at which sworn testimony is taken. Finally, the requirement that an appropriately directed inquiry be conducted where necessary is not obviated merely because a document may contain information in addition to a witness’ statement, such as witness evaluations, proposed plea offers, bail recommendations, or information otherwise classifiable as "work product.” While some of the information in a particular document may not be discoverable, the court must still examine it carefully to determine whether it contains some discoverable Rosario material which can be disclosed in redacted form (see, CPL 240.10 [2]; People v Jones, 91 AD2d 1175).*
Under these principles, in both People v Adger and People v *730 Austin, I believe the trial court erred. In Adger, the trial court’s decision to summarily deny disclosure of the synopsis and ECAB sheets without an inquiry was error. The prosecutor’s conclusory assertion that both the synopsis and ECAB sheets were "work product” was not alone a sufficient basis to resolve the dispute. The prosecutor did not state that no witness’ statements were reflected within the documents, but merely claimed, at least with regard to the ECAB sheet, that it was "basically” an evaluation of the witnesses. Although this court has stated that "the representation of a prosecutor, as an officer of the court, ought generally to suffice to determine the threshold issue of whether or not any prior statements of a witness exist” (People v Poole, supra, at 149), and normally require a defendant to "articulate a factual basis for the assertion that a prosecutor is improperly denying the existence of prior statements” (id.), defendant’s failure here to articulate a factual basis for his Rosario claim must be excused, since the court’s summary denial of defense counsel’s request effectively prevented him from doing so.
In Austin, the trial court’s actions were also procedurally deficient. Although the court did examine the disputed documents, its inquiry was apparently inadequate, since it failed to ascertain any legal basis for the prosecutor’s refusal to disclose material that, at least facially, appears to be derived from a witness’ factual narrative of the crime. In this regard the prosecutor’s conclusory representation that the documents were "work product” is insufficient.
Finally, I believe remittal is required because, contrary to the Appellate Division’s conclusion, even a facial examination of the documents in both Adger and Austin suggests that they might well contain Rosario material as well as the Assistant District Attorney’s "work product.” In both cases, the disputed documents seem to contain, at least in part, a factual narrative of the offenses charged and the defendants’ arrest. Thus, the People’s contention in Adger that the ECAB sheet is basically an evaluation of the witnesses, rather than a summary of their statements, is doubtful. Moreover, in Austin, the prosecutor admitted that the data analysis form was the result of a conversation with a trial witness, namely, the police officer. Thus, the unexplained conclusion that it contains no Rosario material is difficult to justify.
As to the synopsis sheets, the People’s reliance on People v Miles (23 NY2d 527) and People v Davis (supra) is misplaced. In Miles, the prosecution had failed to turn over to the *731 defendant a summary of a witnesses’ testimony before the Grand Jury which was made by a member of the prosecution’s staff (supra, at 541). This court concluded that there was no error because "having been provided with the complete transcript of [the witness’] testimony, [the defendant] was hardly entitled to the summary based on the same testimony made by the prosecutor’s office for its own internal records.” (Id.) In Davis, the Trial Judge reviewed the synopsis sheet, conducted a voir dire of its author, and concluded that the synopsis sheet was "a product of the author’s impressions, written in his own words several days after the witness’ testimony.” (Supra, at 597.) Thus, both Miles and Davis were premised on an analysis of the specific content of the disputed documents. Neither case stands for the broad proposition that synopsis sheets are never discoverable. Here, by contrast, there exists no specific findings that the synopsis sheets are merely an author’s impressions (cf, People v Davis, supra), and the documents are not merely a synopsis of the Grand Jury testimony since both documents contain facts which were not testified to before the Grand Jury (cf., People v Miles, supra). Thus, further inquiry is required.
Finally, I reject the People’s contention that these documents are not Rosario material because they contain "information” which is not attributed to any specific witness. Indeed, in Consolazio this court specifically noted that "[t]he character of a statement is not to be determined by the manner in which it is recorded, nor is it changed by the presence or absence of a signature.” (40 NY2d 446, 453 [emphasis supplied].) The absence of attribution may impair defense counsel’s ability to effectively use this material at trial, but counsel is nonetheless entitled to see the material so that he can determine its worth to the defense (see, People v Jones, supra, at 550-552).
For the foregoing reasons, I concur with the majority’s decision to modify in both People v Adger and People v Austin.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander and Bellacosa concur; Judge Titone concurs in a concurring opinion in which Judge Hancock, Jr., concurs.
In each case: Order modified and case remitted to Supreme Court, Kings County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.

 That the ECAB sheet and data analysis form contain abbreviations and symbols as a shorthand means of recording the information does not automatically transform potential witness’ statements into a "synthesis of the information received from the witnesses” as argued by the People (see, People v Consolazio, 40 NY2d 446, 453; People v Kelvin D., 40 NY2d 895). Indeed, as we made clear in Consolazio, a document is not automatically "work product” merely because statements are recorded by an Assistant District Attorney (see, People v Consolazio, supra; People v Kelvin D., supra; People v Hawa, 15 AD2d 740, affd 13 NY2d 718). In fact, we concluded in Consolazio that the abbreviated prosecutor’s "worksheets” capsulizing a witness’ answers to questions were Rosario material and were not immune from disclosure because they constituted an A.D.A.’s "conception” of what a prospective witness told him rather than the "statements” of such witness (supra, at 452).