■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE CECORA, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered November 15, 1989, convicting him of robbery in

the first degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated December 20, 1990, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the order dated December 20, 1990, is reversed, on the law, the defendant's motion to vacate judgment is granted, the judgment is vacated, and a new trial is ordered; and it is further,

Ordered that the appeal from the judgment is dismissed as academic, in light of the determination of the appeal from the order.

The failure of the prosecution to provide the defendant with an Early Case Assessment Bureau data sheet violated the defendant's statutory right to be provided with prior written or recorded statements made by prosecution witnesses *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866; CPL 240.45). The data sheet contained notes taken by an Assistant District Attorney during an interview of the arresting officer, who had testified to the effect that he had had the defendant under observation for a period of time immediately preceding the crime. The Supreme Court concluded that the data sheet is merely the "duplicative equivalent" of other materials previously disclosed in a timely manner which contain similar statements made by the officer on other occasions *(see, People v Consolazio,* 40 NY2d 446, 454). However, we find that the information contained in the data sheet conflicts in some respects with that contained in the previously-disclosed materials. "Two documents cannot be 'duplicative equivalents' if there are variations or inconsistencies between them * * *. Further '[s]tatements are not the duplicative equivalent of previously produced statements * * * just because they are "harmonious" or "consistent" with them' " *(People v Young,* 79 NY2d 365, 370, quoting *People v Ranghelle,* 69 NY2d 56, 63; *see also, People v Robinson,* 133 AD2d 859, 860-861). Thus, there has been a violation of the *Rosario* rule which requires vacatur of the defendant's conviction *(see, People v Jones,* 70 NY2d 547, 551; *People v Consolazio, supra,* at 454). Since the defendant's *Rosario* claim is the subject of both a direct appeal and a post-conviction motion under CPL 440.10, the per se error rule applies *(see, People v Jackson,* 78 NY2d 638, 649; *People v Novoa,* 70 NY2d 490).

Accordingly, the defendant's post-judgment motion is granted and a new trial is ordered *(see,* CPL 440.10 [1] [f]).

In light of our determination, we need not address the

defendant's remaining contention. Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.