Hancock, Jr., J.
(dissenting). Charles Harvey, an eyewitness whom the People failed to produce at trial, would have testified at trial that defendant did not in fact sell him marihuana —the crime of which defendant now stands convicted. Harvey’s affidavit, submitted with defendant’s motion to set aside the verdict, stated that at the time of the alleged drug sale, defendant "did not sell me (or anyone else), or give me (or anyone else), any marijuana”, that Harvey had previously told the police that defendant would not have any marihuana, and that Harvey had told a State Police officer that "he would not like what I had to say if I testified”. The question in this case is thus whether in light of Harvey’s probable testimony, defendant is entitled to a new trial pursuant to this Court’s holding in People v Jenkins (41 NY2d 307). I believe that he is.
In Jenkins, this Court established two separate bases for a *492 new trial when the People fail to produce a witness: when the witness’ testimony "is likely to have been favorable to some degree in tending to exculpate the defendant or, alternatively, * * * [when] the witness’ testimony could be impeached to a meaningful degree creating a doubt as to the reliability of the prosecutor’s case” (Jenkins, supra, at 311 [emphasis added]). There can be no doubt in the present case that Harvey’s testimony would tend to be exculpatory under the first of the two bases for a new trial. Indeed, no testimony could be more exculpatory than that of an eyewitness who would testify that defendant did not commit the acts comprising the crime for which he is to be tried.
The majority’s contrary result — that Harvey is incredible as a witness and thus that his testimony could not have "created a reasonable doubt as to the reliability of the prosecution’s case” (majority opn, at 490) — relies solely on the second of the two Jenkins bases and simply fails to address the first. That Harvey’s testimony may or may not raise a reasonable doubt as to the prosecution’s case under the second Jenkins standard can have no bearing on whether it tends to be exculpatory under the first.
Moreover, Harvey’s ultimate credibility as a witness and whether a jury would believe his testimony is not a proper consideration in applying the first of the Jenkins tests. While Harvey’s credibility may be relevant to ascertaining whether his testimony would raise a reasonable doubt about the People’s case, whether the testimony tends to be exculpatory turns solely on its substantive content and not on the believability of the witness. The question depends on the nature of the evidence, its content and the facts it tends to prove — not on the quality of the evidence or its potential for influencing the resolution of the factual issue. The weight or credibility of that testimony — whether, in fact, it does exculpate defendant —is a determination for the jury. Significantly, this Court has acknowledged in the analogous situation of the failure to produce Rosario material that the significance or value of the content of the missing material, cannot properly be evaluated by a Judge and is left to defendant and, ultimately, the jury (see, People v Novoa, 70 NY2d 490, 498-499; People v Perez, 65 NY2d 154, 160; People v Consolazio, 40 NY2d 446, 454). There is no reason to accord defendant’s compulsory process rights less protection in the present case than those afforded defendants’ due process rights in cases involving Rosario violations.
*493 Accordingly, I would reverse the order of the Appellate Division and remit the matter for a new trial.
Chief Judge Kaye and Judges Titone and Bellacosa concur with Judge Smith; Judge Hancock, Jr., dissents and votes to reverse in another opinion in which Judge Simons concurs.
Order affirmed.