■ In the Matter of PETER C., a Person Alleged to be a Juvenile Delinquent, Appellant. [632 NYS2d 612] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Sparrow, J.), dated May 18, 1993, which, upon a fact-finding order of the same court, dated March 26, 1993, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of unauthorized use of a vehicle in the third degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated March 26, 1993.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, the petition is dismissed, and the matter is remitted to the Family Court, Queens County, for the purpose of entering an order pursuant to Family Court Act § 375.1.

At a little after 3:00 P.M. on November 17, 1992, the police arrested the appellant and two other adolescents who were riding in a car that had been stolen the previous day. At the fact-finding hearing, the arresting officer testified that, just before he apprehended the boys, he radioed police headquarters to request a license plate check and received a confirmatory response. The appellant made a timely demand for any so-called "SPRINT" report or audio tape of these transmissions, but

neither item was produced prior to the fact-finding hearing, although the presentment agency admits on this appeal that both items were and still are in existence.

The "SPRINT" report and the audio tape of the arresting officer's radio communication with the police dispatcher as he followed and apprehended the appellant constitute *Rosario* material because these recordings represent statements of a person whom the presentment agency called to testify at the fact-finding hearing and because their contents relate to the subject matter of the witness's testimony (*see,* Family Ct Act § 331.4 [1] [a]; CPL 240.45; *see also, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866; *People v Cortez,* 149 Misc 2d 886).

On appeal, the presentment agency questions the value of the "SPRINT" report and audio tape as *Rosario* material. However, it is well established that if *Rosario* material in the possession of the prosecuting agency is not turned over to the defense, per se reversal is required (*see, e.g., People v Cecora,* 186 AD2d 215) "notwithstanding the fact that the evidence of the defendant's guilt may be overwhelming or that the prior statement may be innocuous or inconsequential to the cross-examination of the witness (*see, People v Jones,* 70 NY2d 547; *People v Ranghelle,* 69 NY2d 56)" (*People v Williams,* 165 AD2d 839, 840-841, *affd* 78 NY2d 1087; *see also, People v Novoa,* 70 NY2d 490). Indeed, "a failure to turn over *Rosario* material may not be excused on the ground that such material would have been of limited or of no use to the defense" (*People v Consolazio,* 40 NY2d 446, 454, *cert denied* 433 US 914) because, as the courts have frequently observed, only defense counsel is properly equipped and motivated to assess the full utility of such material to the defense (*see, People v Jones, supra,* at 550).

Where, as here, a reversible error has tainted a juvenile delinquency proceeding but the probationary term has been served by the time the appeal is decided, the petition should be dismissed because no purpose would be served by a remittitur (*see, e.g., Matter of Carol L.,* 100 AD2d 762; *Matter of Girard L.,* 92 AD2d 471; *Matter of Tracy B.,* 80 AD2d 792).

In view of the foregoing determination, we need not address the remaining issues raised by the appellant. Rosenblatt, J. P., Miller, Ritter and Friedmann, JJ., concur.