■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND CROONS, Appellant. [647 NYS2d 274] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered February 6, 1995, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was convicted, after trial, of certain crimes in connection with an armed robbery. The People's case included the testimony of the complainant. The officer who interviewed the complainant shortly after the incident was called as a witness by the defendant. He testified that during the interview he made handwritten "scratch" notes of the complainant's statements which he later submitted to be typed into the final complaint report. The officer further testified that "normally" the scratch notes were stapled to the police department's file copy of the complaint report, that he had never reviewed the complaint report after it was prepared, and that, upon inspection at trial of that document, he "notice[d] a lot of things missing from it" that had been in his scratch notes.

Upon learning of the handwritten notes which, it is undisputed, were never provided to the defendant, defense counsel moved to compel their disclosure on the grounds that they were relevant to the issue of identification and because the ensuing report was concededly incomplete. The prosecutor countered that the District Attorney had never received the scratch notes from the police department and that, in any event, since the police officer was a defense witness, it was the responsibility of the defendant to obtain or subpoena the scratch notes, even though they contained accounts of what the complaining witness told the police officer. The court, essentially adopting the prosecutor's argument that it was not incumbent upon the People to provide material prepared by a defense witness, denied the motion. This reasoning, however, does not comport with *Rosario (see, People v Rosario,* 9 NY2d 286) and its progeny as decided by the Court of Appeals.

It is well settled that under *People v Rosario (supra)* a defendant is entitled to inspect the prior statements of prosecution witnesses concerning the subject matter of the witness's testimony, prior to cross-examination, for impeachment purposes *(see, People v Banch,* 80 NY2d 610; *People v Ranghelle,* 69 NY2d 56; *People v Consolazio,* 40 NY2d 446; CPL 240.45 [1] [a]). Here, inasmuch as the scratch notes contained statements made by the complainant, a key prosecution wit-

ness, regarding the robbery incident, they concededly consti-tuted *Rosario* material to which the defendant was entitled *(see, People v Rosario, supra; see, e.g., People v Lumpkin,* 173 AD2d 738). Accordingly, because the defendant was deprived of this *Rosario* material, reversal of his conviction and a new trial are required. Rosenblatt, J. P., Ritter, Copertino and San-tucci, JJ., concur.