■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CORNELIUS ASKEW, Appellant, et al., Defendant.—

Memorandum: Defendants were convicted of robbery, first degree. The complaining witness had given an unsigned statement to the police that the defendant Askew had " pulled a gun on me and I was told to give him the money " and that thereupon the complaining witness gave the defendant an envelope containing $27. The defendants then asked " for the rest of it " and the witness gave them $124 or $125. Upon the trial, the complaining witness testified that he gave the defendants the envelope containing the $27 upon the defendants' demand while the defendant Askew held his hand in his pocket as though he had a gun, and that thereafter the defendant Askew " pulled a gun " and demanded the rest of the money. The witness gave the defendants the additional money. Counsel for the defense

asked to have the witness' statement made to police produced. The court refused to require its production. Although the inconsistency between the testimony and the statement was very small indeed, and perhaps of inconsequential character, we should not speculate as to the use which might have been made of the statement in the hands of a skillful cross-examiner, particularly in view of the fact that in the information signed and sworn to in City Court by the complaining witness, there was no reference to the defendants' ever exhibiting a gun. We are constrained to grant a new trial by reason of the following statement in *People* v. *Rosario* (9 N Y 2d 286, 289): "and upon further study and reflection this court is persuaded that a right sense of justice entitled the defense to examine a witness' prior statement, whether or not it varies from his testimony on the stand. As long as the statement relates to the subject matter of the witness' testimony and contains nothing that must be kept confidential, defense counsel should be allowed to determine for themselves the use to be made of it on cross-examination. (Cf. U. S. Code, tit. 18, § 3500.)" A new trial must be had at which the statement of the complainant must be made available to defendants' counsel if requested. (Appeal from judgment of Erie County Court, convicting defendant Askew of the crime of robbery, first degree.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.