■ The People of the State of New York, Respondent, v Sammy Thomas, Appellant.—Case held, decision reserved and matter remitted to Cayuga County Court for further proceedings in accordance with the following memorandum: Defendants Sammy and Willie Gene Thomas were con-

victed of second degree murder following a joint trial by jury. At trial, defense counsel had requested for purposes of cross-examination the prior statements of several prosecution witnesses under *People v Rosario* (9 NY2d 286); however, during the prosecution's case it was discovered that there were several police reports containing statements of prosecution witnesses which had not been given to defense counsel. The court ruled that defendants were not entitled to the police reports unless the police officers who made them testified. Defense counsel are entitled to examine prior statements of a prosecution witness for purposes of cross-examination as long as the statements relate to the subject matter of the witness' testimony and contain nothing that is confidential *(People v Rosario, supra,* pp 289-290). Moreover, "The character of a statement is not to be determined by the manner in which it is recorded, nor is it changed by the presence or absence of a signature" *(People v Consolazio,* 40 NY2d 446, 453). The failure to turn over *Rosario* material, however, may constitute harmless error where it contains nothing more than "duplicative equivalents of statements previously turned over to the defense" *(People v Consolazio, supra,* p 454). On the present record, we cannot determine whether the court's improper ruling with respect to the prior statements contained in the police reports was harmless. Neither the Grand Jury testimony of the prosecution witnesses nor their prior statements which were given to defendants are included in the record. Similarly, we do not have before us all of the prior statements of the prosecution witnesses which were withheld from defendants. Consequently, the matter must be remitted for a hearing at which all prior statements of the prosecution witnesses relating to the subject matter of their testimony should be produced and a determination made as to whether the withheld statements were mere duplicative equivalents of statements previously turned over to the defense. (Appeal from judgment of Cayuga County Court—murder, second degree.) Present—Marsh, P. J., Moule, Simons, Dillon and Hancock, Jr., JJ.