■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMY THOMAS, Appellant.—Judgment reversed, on the law, and a new trial granted. Memorandum: Defendants Sammy and Willie Gene Thomas were convicted of second degree murder following a joint trial by jury. At trial, defense counsel had requested for purposes of cross-examination the prior statements of several prosecution witnesses under *People v Rosario* (9 NY2d 286); however, during the prosecution's case it was discovered that there were several police reports containing statements of prosecution witnesses which had not been given to defense counsel. The court ruled that defendants were not entitled to the police reports unless the police officers who made them testified. Upon appeal to this court *(People v Thomas,* 65 AD2d 933, 934), we held that: "Defense counsel are entitled to examine prior statements of a prosecution witness for purposes of cross-examination as

long as the statements relate to the subject matter of the witness' testimony and contain nothing that is confidential *(People v Rosario, supra,* pp 289-290). Moreover, 'The character of a statement is not to be determined by the manner in which it is recorded, nor is it changed by the presence or absence of a signature' *(People v Consolazio,* 40 NY2d 446, 453). The failure to turn over *Rosario* material, however, may constitute harmless error where it contains nothing more than 'duplicative equivalents of statements previously turned over to the defense' *(People v Consolazio, supra,* p 454)." We reserved decision on the appeal and remitted the matter to Cayuga County Court for a determination of whether or not the material in the statements was duplicative, the equivalent of what had already been given to the defense. That hearing has now been concluded and we have before us the statements and reports which had been withheld. We conclude that the statements and reports were not merely duplicative of information previously furnished and that the court's decision that the material need not be furnished to defense counsel requires a reversal and new trial. In the material withheld was a memorandum of Patrolman Thomas Weed, the first person to interview decedent's brother, Peter Seder, upon arrival at the scene of the homicide. In the withheld report, Officer Weed stated "We learned from Peter that two white males, one large, one wearing a white trench coat and one smaller wearing dark clothes had shot his brother." Inasmuch as the defendants were blacks, the report was obviously of potential value to the defense. Eighteen other statements or reports were withheld, some of which pertained to oral statements made by a key witness for the People, Francis Stapleton, who observed the two assailants fleeing from the scene. Since the descriptions of the assailants given by the witness Stapleton were conflicting and were at variance with his testimony at the trial, the reports containing the statements should have been furnished. Since a new trial must be had, we advise the prosecutor to carefully review his file in order to comply with the People's duty of disclosure relative to exculpatory material in their file *(Brady v Maryland,* 373 US 83, 87). The report of Officer Vitale dated July 24, 1976 which contained the names of two witnesses who saw a white Mustang automobile speed from the direction of the homicide at the approximate time thereof should have been turned over to the defendants since the trial testimony developed that they drove a light blue Chrysler *(People v Simmons,* 36 NY2d 126). All concur, except Callahan, J., who dissents and votes to affirm the judgment. (Resubmission—appeal from judgment of Cayuga County Court—murder, second degree.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.