OPINION OF THE COURT
Burton B. Roberts, J.
The defendant Lloyd Jones has moved to set aside the *1009 verdict on the ground that Rosario material was not turned over to the defense during the trial of this indictment. The defendant J. J. Johnson has joined in this motion.
On January 12, 1980, after a lengthy trial, the jury in this case rendered a verdict convicting each defendant of attempted murder in the first degree (two counts), kidnapping in the first degree (two counts) and related crimes. The Rosario material in question related to a witness called by the People, Michael Crump. Mr. Crump testified only as to the events which occurred during a shootout on East 96th Street (Count No. 2 of the indictment). The Rosario material (court’s Exhibit No. 18) which was not turned over to the defense consists of one half of a handwritten page of notes made by an unknown police officer pursuant to an interview of Mr. Crump.
The fact that these notes had not been received by the defense only came to light after the jury had retired to deliberate. It is the practice of this court to mark all Rosario material as well as discovery material for identification both to facilitate reference to the material during the trial and to make a complete record as to what was turned over by the People to the defense. Due to the press of the trial, some Rosario and discovery material, previously supplied to the defense, had not been physically marked, and, in the course of completing this marking after the jury had retired, the omission to supply court’s Exhibit No. 18 came to light. Defense counsel moved for a mistrial which motion was denied.
There is no indication that the failure of the Assistant District Attorney to turn over this material to the defense was anything but inadvertent. Voluminous impeachment material including the Assistant District Attorney’s own notes of an interview with Mr. Crump were provided to the defense. In fact, following the spirit and not the letter of Rosario, the Assistant District Attorney turned over notes of witnesses he did not intend to call, two of whom were later called by the defense.
Nonetheless, court’s Exhibit No. 18 is clearly Rosario material and is not merely duplicative of other material already supplied. Defense counsel, therefore, urges that under the doctrine enunciated in People v Consolazio (40 NY2d 446), the failure to turn over this material mandates a vacatur of the verdict without regard to the value of the material to the defense, the importance of the witness in question, or its possible impact on the jury’s findings.
*1010 While this "strict liability” rule may well be controlling in cases where a prosecutor willfully fails or refuses to supply requested Rosario material (see, e.g., People v Thomas, 65 AD2d 933; People v Cavallerio, 71 AD2d 383), it is not, and should not, be controlling where the prosecutor inadvertently fails to supply such material (People v Beal, 57 AD2d 306, 311).
The court must therefore make an assessment of the nature of the material in question, its utility to the defense and the impact of the witness’ testimony on the issues at trial. Eleven witnesses (nine for the prosecution and two for the defense) testified as to the events which occurred during the shootout at 96th Street.
Viewed in the context of the other witnesses, Mr. Crump’s testimony can only be characterized as cumulative. The defense was in possession of voluminous Rosario material regarding all the other witnesses to the incident and had the added benefit of consultation with their clients who were admittedly at the scene. The document in question was not prepared by the witness, is sketchy in detail and differs from the witness’ trial testimony only on the point of whether he saw the gunman’s actions prior to firing and the material of the jacket the gunman wore.
It is difficult to see how this information would have affected the cross-examination one iota. This is particularly true since the Rosario material reflects information far more damaging to the defendant Jones than the actual trial testimony of Mr. Crump. It is therefore inconceivable that it would have in any way altered the jury’s finding of guilt as to the second count.
The court notes that this entire issue is something of an academic exercise. Even if the motion were granted it could only be as to the attempted murder in the first degree charged in Count No. 2 since Mr. Crump’s testimony dealt only with that charge. The defendants were convicted of three other class A felonies (under Counts Nos. 1, 3 and 4) and will be sentenced as persistent violent felony offenders on Count No. 5. Given the court’s expressed intent to impose concurrent rather than consecutive sentences on this indictment, this may be the rare case where another "A” felony conviction is de minimis.
The motion is denied in all respects.