■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER CADBY, Appellant.—Case held, decision reserved and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: Defendants were convicted, following a joint trial by jury, of sodomy in the first degree and two counts of sexual abuse in the first degree. At trial the court granted defense counsel's request pursuant to *People v Rosario* (9 NY2d 286) for the prior statements of prosecution

witnesses for use on cross-examination. During cross-examination of the People's last witness, a police officer, it was discovered that he had prepared a police report which contained statements of the complainant that had not been given to defense counsel. Although the court made this report available to defense counsel at that time, it denied defendants' motion for a mistrial, holding that it was duplicative of complainant's testimony. The police report prepared by the police officer based upon complainant's statements is a prior statement of a witness to which defendants were entitled *(People v Consolazio,* 40 NY2d 446, cert den 433 US 914). "A failure to turn over *Rosario* material may not be excused on the ground that such material would have been of limited or of no use to the defense, or that a witness' prior statements were totally consistent with his testimony at trial" *(People v Consolazio, supra,* p 454). The failure to turn over *Rosario* material may, however, constitute harmless error where it contains nothing more than "duplicative equivalents of statements previously turned over to the defense" *(People v Consolazio, supra,* p 454; *People v Thomas,* 65 AD2d 933, 934). On this record, we cannot determine whether the trial court's ruling with respect to the prior statements contained in the police report was harmless. Neither the Grand Jury testimony of the complainant nor her prior statements which were given to defendants are included in the record. Consequently, the matter must be remitted for a hearing at which all prior statements of the complainant relating to the subject matter of her testimony should be produced and a determination made as to whether the withheld statements were merely duplicative equivalents of statements previously turned over to the defense *(People v Thomas, supra,* p 934). Defendants further urge reversal on the ground that there was an unauthorized communication by court personnel to the jury during their deliberations. It appears that while the jury was deliberating, court personnel informed them that they would be sequestered if they failed to reach a verdict. While a court may instruct the jury on the possibility of sequestration provided it is not construed as a threat or a prejudicial suggestion to reach an agreement *(People v Pagan,* 45 NY2d 725; *People v Sharff,* 38 NY2d 751), such an ex parte communication by court personnel violates CPL 310.10 prohibiting court officers from speaking to or communicating with jurors except when so authorized by the court or when performing administerial duties with respect to the jurors. On the present record we cannot determine exactly what, if anything, was said to the jurors. When confronted with charges and allegations of an impropriety such as occurred in this case, a court should hold a hearing to inquire into the truth of the factual averments (CPL 330.40; *People v Ciaccio,* 47 NY2d 431, 437). The trial court learned about the claimed ex parte communication during the course of a hearing held in response to a letter written by one of the jurors to the Trial Judge in which she expressed doubt about the correctness of her vote and claimed that she did not believe that defendant Cadby was guilty. The hearing did not fully inquire into the issue of the claimed ex parte communication. Accordingly, the matter must also be remitted for a hearing at which the facts and circumstances relating to the claimed ex parte communication to the jurors should be inquired into. We find no merit to the other issues raised by defendants on this appeal. (Appeal from judgment of Erie Supreme Court—sodomy, first degree, and another charge.) Present —Cardamone, J. P., Simons, Callahan and Moule, JJ.