■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL J. BRIZZOLARA, Appellant. — Appeal from a judgment of the Supreme Court at Trial Term (Fischer, J.), entered October 22, 1981 in Broome County, upon a verdict convicting defendant of the crimes of criminal trespass in the first degree and reckless endangerment in the second degree. The principal issue presented is whether the trial court erred in declining to conduct a hearing concerning an unauthorized intrusion into the jury room. Shortly after the jurors retired to deliberate, it was discovered that a discharged alternate juror had been in the jury room, presumably bidding his fellow jurors farewell. Upon learning this, defense counsel requested a hearing to determine if anything the alternate juror had said violated the sanctity of the jury's deliberations. In denying the motion, the Trial Judge noted that he had observed the alternate juror's conduct through an open door connecting the courtroom with the jury room, and that, in light of the very brief period — it was "a matter of a minute or minutes" — during which the alternate was in the jury room, a hearing was unnecessary. We conclude otherwise. "The strong public policy favoring the absolute confidentiality of jury deliberations is not lightly to be disregarded" (*People v Bouton,* 50 NY2d 130, 138; see CPL 310.10). Without further inquiry, the extent of the alternate juror's influence, if any, upon the jury's deliberations cannot be known. Furtive and seemingly innocuous remarks are capable of causing substantial prejudice to a defendant's rights (*People v Cocco,* 305 NY 282, 287). To dispel all uncertainty respecting whether the intrusion was prejudicial, a hearing must be held to ascertain precisely what transpired while the alternate was in the jury room (*People v Ciaccio,* 47 NY2d 431, 437; see CPL 330.40). Since we are not at all convinced by defendant's assertion that the jurors' memories of this incident have necessarily dimmed so in the 12 months which have elapsed since the trial that a hearing would serve no useful purpose, a remand for that purpose appears appropriate (see *People v McCurdy,* 86 AD2d 493; *People v Cadby,* 75 AD2d 713). We find no merit to the other argument defendant advances regarding the court's charge. Determination of appeal withheld, and matter remitted to Trial Term for a hearing at

which the facts and circumstances relating to the alternate juror's conduct and communications in the jury room should be developed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.