■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE JONES, Appellant. — Case held, decision reserved and matter remitted to Monroe County Court, for further proceedings, in accordance with the following memorandum: Defendant was convicted of rape in the first degree and criminal trespass in the second degree following a trial by jury. The crimes occurred on June 12, 1978 when the victim was raped in her home, and on July 10, 1978 when the victim and her boyfriend found the defendant inside the home. At the trial the prosecutor refused to furnish defense counsel with notes that he made during pretrial conversations with the boyfriend and a neighbor who testified regarding the July 10 incident. He claimed that the notes were not subject to disclosure because they were his "work product" and were not in question and answer form. The trial court accepted the prosecutor's representation without examining the notes. Although a prosecutor's opinions, theories or conclusions are not subject to disclosure (see *People v Davis,* 87 AD2d 597; cf. *People v Consolazio,* 40 NY2d 446, 453, cert den 433 US 914; see, also, CPL 240.10, subd 2), statements of prosecution witnesses which relate to the subject matter of their testimony must be disclosed (*People v Malinsky,* 15 NY2d 86; *People v*

*Rosario,* 9 NY2d 286, cert den 368 US 866). Neither the form of the statement nor the presence or absence of a signature is determinative of the statement's character (*People v Consolazio, supra,* p 453; see, also, *People v Cavallerio,* 71 AD2d 338, 344; *People v Hawa,* 15 AD2d 740, affd 13 NY2d 718). Where the material is "nothing more than duplicative equivalents of statements previously turned over to the defense" it is "not error to fail to turn over [statements] which would have been cumulative only" (*People v Consolazio, supra,* p 454). If the defendant, as here, articulates a factual basis for the assertion that the prosecutor is improperly denying the existence of prior statements, the trial court errs when it fails to conduct an *in camera* inspection of the questioned material to determine whether or not any relevant statements of the witness exist (*People v Poole,* 48 NY2d 144, 149). Since the disputed notes were not made part of the record on appeal, we cannot determine whether the notes are, in fact, "work product" or duplicative. Consequently, the matter must be remitted to the trial court for an *in camera* inspection and determination as to whether the notes are the work product of the prosecutor or *Rosario* material. If the notes constitute *Rosario* material, a hearing shall be conducted "at which all prior statements of the prosecution witnesses relating to the subject matter of their testimony should be produced and a determination made as to whether the withheld statements were mere duplicative equivalents of statements previously turned over to the defense." (*People v Thomas,* 65 AD2d 933, 934, revd after remand 71 AD2d 839; see, also, *People v Cadby,* 75 AD2d 713, revd after remand 83 AD2d 774.) (Appeal from judgment of Monroe County Court, Barr, J. — rape, first degree, and another charge.) Present — Dillon, P. J., Doerr, Denman, Boomer and Schnepp, JJ.