■ In the Matter of ROBERT J. BENNETT, as Director of the Nassau County Department of Probation, et al., Respondents, v PATRICIA D. COLLINS, as a Judge of the Family Court of the County of Nassau, Appellant. — In a proceeding pursuant to CPLR article 78 to prohibit the appellant Patricia D. Collins, formerly a Family Court Judge, from enforcing an order of the Family Court, Nassau County, dated April 30, 1984, in a child neglect proceeding, to annul that order and to obtain a declaration that Family Court Act §§ 1047, 1048 preclude the Probation

Department from furnishing reports to the Family Court prior to completion of a fact-finding hearing, the appeal is from a judgment of the Supreme Court, Nassau County (Widlitz, J.), entered September 12, 1984, which denied her cross motion to dismiss and thereupon granted the petition to the extent of annulling the order dated April 30, 1984, and directing that the Nassau County Department of Probation was precluded from furnishing a report in the neglect proceeding prior to the completion of a fact-finding hearing.

Judgment modified, on the law and as a matter of discretion, by vacating that portion which granted the petition, converting the proceeding to a declaratory judgment action and, upon so doing, declaring that the Department of Probation is precluded by Family Court Act § 1047 (b) from furnishing the Family Court with a report in a neglect proceeding prior to the completion of a fact-finding hearing. As so modified, judgment affirmed, without costs or disbursements.

In a child neglect proceeding brought pursuant to Family Court Act article 10, the parties stipulated to have the Nassau County Department of Probation investigate the underlying circumstances relating to the alleged child neglect and to thereafter issue a report, including its recommendations. The parties further agreed to allow the court to use the Probation Department's report "to aid it in rendering a decision" in the matter. The Probation Department, which was not a party to the stipulation, produced a report which did not, however, contain any recommendations. By order dated April 30, 1984, then Family Court Judge Patricia Collins, before whom the proceeding was pending, directed the Probation Department to make a definite recommendation. When the Probation Department informed Judge Collins that it did not consider it appropriate for it to make recommendations prior to the court's making of a finding of neglect, Judge Collins reiterated her order. The Probation Department thereupon commenced the instant proceeding in the Supreme Court to annul Judge Collins' order, to prohibit its enforcement, and to obtain a declaration that Family Court Act §§ 1047, 1048 preclude it from furnishing reports to the Family Court prior to completion of a fact-finding hearing. Judge Collins cross-moved to dismiss the petition, *inter alia,* on the ground that a CPLR article 78 proceeding in the nature of prohibition is not available to obtain the relief sought.

Initially, appellant raises the question as to whether a CPLR article 78 proceeding is the appropriate vehicle to challenge the Family Court's direction since prohibition is an "extraordinary remedy" that is available against a court only when it "acts * * *

without jurisdiction * * * or * * * exceeds its authorized powers" (*Matter of State of New York v King*, 36 NY2d 59, 62). Purported errors of law, which are not properly reviewable by a CPLR article 78 proceeding in the nature of prohibition, are often incorrectly asserted to have been made in excess of jurisdiction (*Matter of State of New York v King, supra*, at p 62). We need not, however, address the issue since we find that the additional relief requested by the Probation Department in its petition — i.e., a declaration that Family Court Act §§ 1047, 1048 preclude it from furnishing reports to the Family Court prior to completion of the fact-finding hearing — may be ruled upon by converting the proceeding to an action for a declaratory judgment (*see, Matter of Morgenthau v Erlbaum*, 59 NY2d 143). We deem that to be the appropriate course in this case and accordingly exercise our discretion pursuant to CPLR 103 (c) to convert the proceeding to a declaratory judgment action and reach the merits of the dispute between the parties with respect to the impact of Family Court Act § 1047 (b).

Family Court Act §§ 255, 1038 and Social Services Law § 422 (4) (e) give the Family Court access to a broad range of documents and reports prepared by agencies concerned with the protection and custody of children. The Family Court may order an agency to render such assistance "as shall be within its legal authority" to render (Family Ct Act § 255). Family Court Act § 1047 accords a different treatment, however, to one specific kind of report — that which is prepared by the Department of Probation to aid the court in making an order of disposition. The statute specifically provides that "[s]uch reports may not be furnished to the court prior to the completion of a fact-finding hearing, but may be used in a [subsequent] dispositional hearing" (Family Ct Act § 1047 [b]). This provision is designed to enable the Family Court to decide the issue of neglect in the first instance, before it receives specific dispositional recommendations that presuppose the existence of neglect (*see,* Family Ct Act §§ 1047, 1048; *Matter of Debra VV*, 52 AD2d 960). While the wide availability of other reports may render less significant this provision and there may be persuasive policy reasons to make the Probation Department's recommendations available at an earlier stage (*see generally,* Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1047, pp 401-405), the fact remains that the statute absolutely and unequivocally provides that the report may not be furnished prior to the completion of the fact-finding hearing (Family Ct Act § 1047 [b]). Therefore, absent an expression of legislative intent to the contrary, we find that the Family Court misinterpreted the language of the statute and we declare that the

Probation Department is precluded by Family Court Act § 1047 (b) from furnishing the Family Court with such report in a neglect proceeding prior to the completion of the fact-finding hearing. Titone, J. P., Mangano, Brown and Rubin, JJ., concur.