OPINION OF THE COURT
Jeffry H. Gallet, J.
facts
The respondent in this juvenile delinquency proceeding is charged with acts which would constitute the crimes of robbery, grand larceny, attempted assault and criminal possession of stolen property were he an adult. On trial, his alleged victim took the witness stand and respondent’s counsel, relying on People v Rosario (9 NY2d 286 [1961], cert denied 368 US 866) and Family Court Act § 331.4, requested the prosecution to supply him with the notes of the New York City Department of Probation (Probation) in reference to the witness’s statements made at the intake adjustment interview held pursuant to Family Court Act § 308.1.
*932 MOTION TO INTERVENE
The prosecution opposed the request and Probation moved, without opposition, to intervene and join in that opposition. The motion is granted (CPLR 1013). Probation has a real and substantial interest in the outcome of this matter (Vantage Petroleum v Board of Assessment Review, 91 AD2d 1037 [2d Dept 1983], affd 61 NY2d 695) and the respondent’s right to a fair trial will not be affected by Probation’s participation in this motion.
THE LAW
An alleged juvenile delinquent is entitled to essentially the same due process protections as any other criminal defendant (In re Gault, 387 US 1 [1967]; Breed v Jones, 421 US 519 [1975]; In re Winship, 397 US 358 [1970]; Matter of Gregory W., 19 NY2d 55 [1966]; Matter of Irving S., 36 AD2d 642 [2d Dept 1971]; People ex rel. Thomas v Judges of Family Ct., 85 Misc 2d 569 [Sup Ct, Kings County 1976]), including the right to “Rosario material” (Matter of John G., 91 AD2d 685 [2d Dept 1982]). “The time-worn fiction that juvenile delinquency proceedings are civil in nature is moribund” (Matter of Lynell H., 121 Misc 2d 1005, 1006 [Fam Ct, Kings County 1983]). This request will be treated as if it was made by an adult (Matter of Demetrius W., 126 Misc 2d 440 [Fam Ct, Kings County 1984]).
The rule of Rosario (supra) requires the prosecution to give defense counsel a copy of the record of any prior statement made by a prosecution witness to the police, District Attorney or Grand Jury which relates to the subject matter of his or her testimony, except when the necessities of effective law enforcement require that they be kept confidential (supra, pp 289-290; see also, People v Consolazio, 40 NY2d 446 [1976], cert denied 433 US 914; People v Malinsky, 15 NY2d 86 [1965]; Matter of John G., supra; Matter of George V., 100 AD2d 594 [2d Dept 1984]). However, later decisions omitted the requirement that the confidentiality be based only on the necessities of effective law enforcement (People v Malinsky, supra). The rule is based on “policy considerations” and a “right sense of justice”, rather than a fundamental constitutional right to the material (People v Beal, 57 AD2d 306, 309 [2d Dept 1977], citing People v Pinion, 56 AD2d 664, 665 [2d Dept 1977]).
In 1983, the Legislature enacted the Juvenile Justice Procedure Act (the Act) (Family Ct Act art 3), which, like its analogue, CPL 240.45, incorporated the essence of the Rosario rule by requiring the prosecution to turn over “any written or recorded *933 statement * * * which relates to the subject matter of * * * [a] witness’s testimony.” (Family Ct Act § 331.4 [3] [a]; Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Part I, Family Ct Act § 331.7, p 427; Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 240.45.) These statutes omit the limitations of confidentiality and that the statement be made to the police, prosecution or Grand Jury.
Before the Act, probation material in a juvenile delinquency proceeding could not be disclosed prior to the completion of the fact-finding hearing (Family Ct Act § 750), a rule still extant in PINS and child protective proceedings (Family Ct Act §§ 750, 1047; Matter of Bennett v Collins, 111 AD2d 328 [2d Dept 1985]). The Legislature elected to omit the same prohibition from the Act and, instead, provided that the respondent’s statements “shall not” be given to the prosecution (Family Ct Act § 308.1 [6]) and that no statement made to Probation be admitted into evidence “at a fact-finding hearing” (Family Ct Act § 308.1 [7]). These provisions fall short of clothing probation records with a cloak of confidentiality.
The prosecution’s argument that since the material is not admissible it is useless to the defense and should be withheld is without merit. (People v Malinsky, supra.) It is not for the court to speculate on how valuable the material will be in the hands of a skilled cross-examiner. (People v Askew, 15 AD2d 727 [4th Dept 1962].)
Accordingly, the prosecution and Probation position that disclosure of the statement in question is proscribed by the Family Court Act must be rejected. In coming to that conclusion, this court in not unaware of the holding in Matter of Richard J. (122 Misc 2d 839 [Fam Ct, NY County 1984]) with which it respectfully disagrees.
However, Probation, not unreasonably taking the traditional position that its investigations and reports may not be released absent specific judicial or statutory direction (9 NYCRR 350.11 [c]), has, in all cases, refused access to its intake material to both the prosecution and the defense. Therefore, the information requested is equally unavailable to both the prosecution and the defense, absent a court order or subpoena. Historically, Rosario material has been limited to things in the possession of the prosecution or law enforcement agencies, or items easily obtainable by them, or records of the court. (People v Rosario, supra; People v Consolazio, supra; People v Malinsky, supra; People v Thomas, 65 AD2d 933 [4th Dept 1978]; People v Askew, supra; People v Cavallerio, 71 AD2d 338 [1st Dept 1979]; People v Beal, *934 supra; People v Travers, 41 AD2d 820 [1st Dept 1973]; Matter of John G., supra.) We find no support in either the Family Court Act or Rosario (supra) and its progeny to support the proposition that the prosecution must engage in a speculative hunting expedition to procure records which are beyond its control and which could just as easily be obtained by the respondent.
Further, it must be noted that the Act put similar statement disclosure responsibilities on the defense for its witnesses. A finding that the prosecution must speculate as to possible statements by a witness and move to compel their production would also apply to the defense for its witnesses. Such a burden, while merely onerous for the prosecution, may prove unbearable for respondents since most of them have substantially fewer resources than the prosecution.
DECISION
Respondent’s motion is denied. The prosecution cannot be compelled to produce statements it does not and cannot reasonably be expected to possess. This court does not rule on the question of whether the respondent could have successfully moved for the production of the intake records under CPLR 3120 or by appropriate subpoena. Those issues are not before the court.