■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD A. NIELSON, Appellant.—Judgment unanimously reversed, on the law, and new trial granted on third count of indictment; indictment otherwise dismissed without prejudice to the People to re-present a charge of criminal trespass in the second degree to another Grand Jury. Memorandum: The indictment charged defendant with rape in the first degree (Penal Law § 130.35 [1]), anal sodomy in the first degree (Penal Law § 130.50 [1]), oral sodomy in the first degree (Penal Law § 130.50 [1]) and burglary in the second degree (Penal Law § 140.25 [2]). The jury found defendant guilty of oral sodomy in the first degree as charged in the third count of the indictment, and criminal trespass in the second degree (Penal Law § 140.15), as a lesser included offense of the burglary count.

Defendant did not testify at trial and his character was not at issue. It was error to permit the prosecutor, over objection, to cross-examine the sole defense witness as to defendant's prior use of drugs (see, People v Kennedy, 47 NY2d 196, 206; People v Cruz, 47 NY2d 838). Since the proof of defendant's guilt was not overwhelming, the error must be deemed prejudicial and a reversal is required (see, People v Crimmins, 36 NY2d 230, 241-242; cf. People v Cruz, supra).

The trial court also erred in failing to make an in camera inspection of defense counsel's notes made during his pretrial interview of the defense witness. Despite counsel's claim that the writing was his "work product" (CPL 240.10 [2]), the court, without first examining it to determine whether the claim had merit, ordered counsel to give the writing to the prosecutor (see, People v Jones, 91 AD2d 1175). The error proved to be harmless, however, because the writing contained only notations of comments of the witness. As such, it was discoverable by the prosecutor (CPL 240.45 [2] [a]).

Finally, we note that defendant's one-year sentence for criminal trespass in the second degree was unlawful. The maximum sentence for that crime is six months (Penal Law § 70.15 [1]).

Since there must be a new trial, there is no need to address defendant's claim that the jury verdict was procedurally irregular. We note, however, that absent a new indictment, defendant may not be retried for criminal trespass in the second degree (see, People v Gonzalez, 61 NY2d 633). (Appeal from judgment of Niagara County Court, Hannigan, J.—sodomy, first degree.) Present—Dillon, P. J., Doerr, Green, O'Donnell and Pine, JJ.