THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL TARDUGNO, Appellant 
 Memorandum: During the trial the People attempted to introduce into evidence property receipts which were attached to the contraband (cocaine) which was the subject of this charge. Defendant objected to their admission upon the grounds that the receipts were *Rosario* material that should have been provided to the defense prior to the commencement of the trial. Although the court refused to receive the receipts into evidence upon the grounds that they contained hearsay statements, defendant nevertheless argues that the prosecution's failure to provide them to defendant constituted a violation of CPL 240.45.

While it is questionable whether the information contained in the receipts is *Rosario* material, it is not necessary to make such determination as the information contained thereon had previously been provided to defendant's counsel through Grand Jury testimony and the special reports of Investigators Yacco and Tartaglia. The prosecution's failure to turn over such information in another form was not error as it would have been cumulative only *(People v Consolazio,* 40 NY2d 446, 454, *cert denied* 433 US 914; *People v Jones,* 91 AD2d 1175, 1176, *affd on resubmission* 96 AD2d 1147; *People v Thomas,* 65 AD2d 933, 934).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Oneida County Court, Darrigrand, J.—criminal sale of controlled substance, third degree.) Present—Denman, J. P., Boomer, Pine, Lawton and Schnepp, JJ.